[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10490
Non-Argument Calendar

_____

D. C. Docket No. 03-01780-CV-TMP

COURTNEY BOYD,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

LT. EVANS,
L. BATES,
JOHNNY CLARK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 21, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Courtney Boyd, a state prisoner proceeding pro se, appeals from the judgment entered on a verdict rendered in favor of Alabama state correctional officers Frederick Bates, Eric Evans, and Johnny Clark at trial based on his 42 U.S.C. § 1983 civil rights complaint alleging excessive force and related state law tort claims.[1]

On appeal, Boyd first argues that the district court abused its discretion in denying his motions in limine to exclude medical evidence, evidence of his prior convictions or bad acts, and evidence of the defendants' state government affiliations. Second, he argues that the district court erred in overruling his objection that the jury venire at his civil trial did not represent a fair cross section of the community. Third, Boyd contends that the district court abused its discretion in denying his motion for a new trial because the jury verdict was against the great weight of the evidence. Finally, he argues that the district court plainly erred in instructing the jury to continue deliberating after the jury informed the court that it could not reach a verdict.

---

[1] Because Boyd does not assert any error on appeal regarding the dismissal of claims or the grant of summary judgment to the remaining defendants prior to trial, he has abandoned any related issues. See Baker v. Montgomery, 811 F.2d 557, 558 n.1 (11th Cir. 1987).

I.

"The district court has wide discretion in determining the relevance of evidence produced at trial." Cabello v. Fernandez-Larios, 402 F.3d 1148, 1161 (11th Cir. 2005). "We review the district court's decision to grant or to deny a motion in limine for abuse of discretion." Id. Even if the district court committed error in admitting or excluding evidence, such error is harmless and not grounds for granting a new trial unless it affected a party's substantial rights. Fed. R. Civ. P. 61; Fed. R. Evid. 103(a); see Maiz v. Virani, 253 F.3d 641, 667 (11th Cir. 2001) (requiring that the objecting party must show substantial prejudicial effect from the ruling in order to obtain a new trial). A party generally must object to preserve error in the admission of evidence regardless of whether a party or a court violates an in limine ruling. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1285 (11th Cir. 2000). "A motion in limine, however, may preserve an error for appeal if a good reason exists not to make a timely objection at trial." Id.

All relevant evidence is generally admissible at trial. Fed. R. Evid. 402. Although evidence of other crimes or bad acts is not admissible to prove the character of a person, it may be admissible for other purposes, such as to prove motive, intent, knowledge, or plan. Fed. R. Evid. 404(b).

Rule 404(b) evidence is admissible if: (1) it is relevant to an issue other than

3

the defendant's character; (2) sufficient proof would allow a jury to find that the defendant committed the extrinsic act; and (3) its probative value is not substantially outweighed by its undue prejudice, and it meets the other requirements of Rule 403. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005). Under Rule 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Since Rule 403 permits the exclusion of otherwise probative evidence, it must only be used sparingly and the district court must strike the balance in favor of admissibility. United States v. Norton, 867 F.2d 1354, 1361 (11th Cir. 1989) (quotation omitted).

A party may impeach a witness with evidence that the witness was convicted of a crime punishable by imprisonment in excess of one year, if the admission of such evidence does not violate Rule 403. Fed. R. Evid. 609(a)(1). A party may also impeach a witness by asking about specific bad acts of the witness if those acts bear on the witness's character for truthfulness. Fed. R. Evid. 608(b).

To the extent that Boyd has preserved any error on appeal regarding the district court's rulings on his motions in limine to exclude evidence, the court did

4

not abuse its discretion in denying, in whole or in part, those motions. The district court acted within its discretion in allowing the defendants to introduce evidence of medical complaints by Boyd not directly tied to the alleged beating incident because the evidence was relevant and not barred by Rule 403. Furthermore, evidence of Boyd's prior felony conviction was admissible to impeach him, and his prior bad acts were a proper subject for cross-examination because those acts related to his character for truthfulness. Finally, evidence of the defendants' affiliations with the State of Alabama was relevant to the acts they allegedly committed as correctional officers, and it was not otherwise inadmissible.

II.

A party to a civil trial may challenge the jury selection process based on either a substantial failure to comply with the provisions of the Jury Selection and Service Act of 1968 ("the Act"), 28 U.S.C. §§ 1861 to 1878, or a violation of the Equal Protection Clause. See Morro v. City of Birmingham, 117 F.3d 508, 518-19 (11th Cir. 1997). Under § 1861, "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861.

The Act provides the procedure for challenging the jury selection process:

In civil cases, before voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, any party may move to stay the proceedings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury.

28 U.S.C. § 1867(c). In order to challenge the jury selection process under the Act, a party must file a motion "containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of [the Act]." Id. at § 1867(d). A challenge based on the Act may fail on either timeliness or procedural grounds. See Morro, 117 F.3d at 519 (objection was untimely); United States v. Dean, 487 F.3d 840, 849 (11th Cir. 2007), cert. denied 128 S. Ct. 1444 (2008) (objection did not include a sworn statement of facts).

Further, the Act declares that "[t]he procedures prescribed by this section shall be the exclusive means by which . . . a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title." 28 U.S.C. § 1867(e). Accordingly, a party's failure to strictly comply with § 1867 by timely objecting to the jury selection process in the manner provided by the Act bars this Court from entertaining an equal protection challenge to the process on appeal. Morro, 117 F.3d at 519.

Boyd's challenge to the racial makeup of the jury venire in his civil trial must fail. Although he orally objected during jury selection that the jury venire did

6

not represent a fair cross section of the community, he did not renew that objection within seven days or present any sworn statement of facts when he later renewed the objection in his motion for a new trial. Moreover, the record indicates that the jury venire was selected at random from the community, and there was no evidence to the contrary. For that matter, Boyd acknowledged that the racial makeup of the jury venire may well have been an anomaly. For these reasons, Boyd's challenge to the racial makeup of the jury venire must fail under both 28 U.S.C. § 1867 and the Equal Protection Clause.

III.

We review a district court's denial of a motion for a new trial for an abuse of discretion. Ins. Co. of N. Am. v. Valente, 933 F.2d 921, 923 (11th Cir. 1991). "This level of deference is especially appropriate where a new trial is denied and the jury's determinations are left undisturbed." Id. A district court should grant a motion for a new trial on evidentiary grounds only if the verdict is against the great weight of the evidence. Id.

The district court did not abuse its discretion in denying Boyd's motion for a new trial based on the weight of the evidence. The testimony of all three defendants specifically contradicted Boyd's claims and testimony. Furthermore, medical evidence from before and after the alleged beating cast doubt upon Boyd's

claims and his credibility. Thus, the jury verdict in favor of the defendants on Boyd's excessive force and state law tort claims was not against the great weight of the evidence.

IV.

Generally, if a party failed to object to a district court's instructions to the jury, we will only review the instructions for plain error. See Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999). Under the plain error standard, there must be: (1) error; (2) that was plain; (3) that affected a party's substantial rights; and (4) failure to correct the error would "seriously affect the fairness of the judicial proceeding." Id.

"An 'Allen charge' is a trial court's admonition to a deadlocked jury, instructing it to make further attempts to reach a verdict." United States v. Polar, 369 F.3d 1248, 1254 (11th Cir. 2004) (referring to Allen v. United States, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896)). "Our review of a district court's decision to give an Allen charge is limited to evaluating the coercive impact of the charge." United States v. Trujillo, 146 F.3d 838, 846 (11th Cir. 1998). If "the district court did not poll the jurors to determine the extent of their numerical division, we can reverse their verdict only if we find that the giving of the Allen charge was inherently coercive." Id. A judge's request that a jury continue

8

deliberating, without polling the jury or suggesting that an outcome is desired or required, is not inherently coercive.  United States v. Prosperi, 201 F.3d 1335, 1341 (11th Cir. 2000).  "The length of time of jury deliberation is a matter of discretion of the trial judge; without more, it cannot constitute coercion."  United States v. Caracci, 446 F.2d 173, 178 (5th Cir. 1971).

The trial court indicated that it was not giving an Allen charge.  The trial court reminded the jury that there had been over three days of evidence and testimony, and the court suggested that further deliberation could be useful.  Boyd did not object to the instruction for further deliberation.  Even if the district court's instruction to the jury, urging the jury to continue deliberating after it announced that it was undecided on the first day of deliberations, was tantamount to an Allen charge, the district court did not plainly err in giving the instruction.  The court did not poll the jury and its instruction was not inherently coercive; therefore, there was no plain error.

Accordingly, we affirm the district court's judgment, pursuant to the jury verdict, in favor of the defendants on Boyd's excessive force and state law tort claims.

**AFFIRMED.**[2]

---

[2]Boyd's request for oral argument is denied.